BANKS *v.* BRODOFSKY *et al.*

(Division A. Nov. 2, 1931.)

[137 So. 328. No. 29511.]

Creekmore & Creekmore, of Jackson, for appellant.

**G. E. Williams**, of Clarksdale, for appellees.

**Smith, C. J.,** delivered the opinion of the court.

The appellees exhibited an original bill against the appellant, which she answered. Thereafter the appellees filed an amended bill of complaint, which the appellant was allowed thirty days to answer; but, failing so to do, a decree pro confesso was taken against her, resulting in a final decree in accordance with the prayer of the bill.

The amended bill of complaint alleges, in substance, that one Carter was under arrest by the federal authorities, charged with the violation of the federal prohibition and revenue laws, and that the appellant, desiring to secure his release pending his trial by the federal court, executed and delivered to the appellees a written promise to indemnify and save them harmless against loss on account of their executing three bail bonds for the said Carter, one of which was described therein as "one federal bond upon a charge of violation of the federal revenue laws in the sum of one thousand five hundred dollars;" that, pursuant to this promise, and because thereof, the appellees executed a bail bond for Carter, a copy of which was filed with the bill of complaint, as an exhibit thereto, in the penalty of one thousand dollars, conditioned that Carter would appear before the federal district court for the Northern district of Mississippi, and answer a "charge that on or about the —— day of 19— within said district, in violation of section (3450, R. S.) Nat. Prohi. Act," etc.

Carter failed to appear when called for trial and a judgment nisi was rendered against him and his sureties, reciting that "Carter, being called to come into court and answer unto the indictment against him for violation of section 3450 of the Revised Statutes of the United States, came not," etc. This judgment nisi was afterwards made final, and was paid by the appellees.

The prayer of the bill is for a judgment for the amount paid by the appellees in settlement of this judgment, and two other items of damage sustained by them because of Carter's failure to appear, and answer to the federal court on the charge pending there against him.

Two reasons only are assigned by counsel for the appellant for the reversal of the decree of the court below: First, the guaranty is void for the reason that it is against public policy for sureties on a bail bond to be induced to become such because of a guaranty given them against loss therefrom; and, second, the bond executed is not the bond described in the contract therefor.

In a few jurisdictions a contract guaranteeing a surety on a bail bond against loss thereon is void, as being against public policy, on the theory that the surety is thereby rendered indifferent to the appearance, vel non of the person bailed, to answer the charge against him. According to the weight of authority, however, such guaranties are valid; and, while this court has not expressly decided the question, the validity of such guaranty was assumed in May v. Williams, 61 Miss. 125, 48 Am. Rep. 80, provided the Statute of Frauds was complied with in the making thereof. The guaranty here being to secure the making of a federal bail bond, its validity, in so far as public policy is concerned, is probably ruled by Leary v. U. S., 224 U. S. 567, 32 S. Ct. 599, 56 L. Ed. 889, Ann. Cas. 1913D, 1029, wherein the court held that such a guaranty does not violate public policy. But, if not, the reasoning of that case is in accord with the weight of authority, and meets with our approval.

In support of their second contention, counsel for the appellant say that her agreement was to guarantee the appellees against loss on a bond in the sum of one thousand five hundred dollars, conditioned for Carter's appearance to answer "a charge of violation of the federal revenue laws," but that the bond executed was for the sum of

one thousand dollars for Carter's appearance to answer a charge of violating the National Prohibition Act (27 U. S. C. A.).

The manifest purpose for which the guaranty was executed was to obtain a bail bond for Carter, so that he might be released from custody; and, in the light of that purpose, the one thousand five hundred dollars provision of the contract would seem to be but a limitation of the amount of liability therefor that the guarantor was willing to assume, and not a requirement that the bond should be for that sum.

Assuming that the description in the guaranty of the crime for which Carter was in custody is descriptive of the character of the bond to be executed, and that the bond must be in accordance therewith, in order to come within the guaranty, that requirement seems to have been here met. The bond filed with the amended bill of complaint describes the charge against Carter as a "violation of (section 3450, R. S.) Nat. Prohi. Act." Section 3450, Revised Statutes (26 U. S. C. A., secs. 1181, 1182), is not a part of the Prohibition Act, but of the Internal Revenue Laws, and designating a violation of it as a violation of the National Prohibition Act (27 U. S. C. A.) does not make it such. The federal court so construed the bond when the forfeiture on it was taken.

Affirmed.